IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LATTORIS DEWUAN JACKSON, #20132-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:14cv985 |
| | § | CRIM. NO. 6:12CR00059-011 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Movant Lattoris Dewuan Jackson, an inmate confined at U.S.P. Pollock, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the motion should be denied. Jackson has filed objections.

Jackson is in custody pursuant to a conviction for the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) & § 924(a)(2). After a plea of guilty and pursuant to a written plea agreement, he was sentenced to 96 months of imprisonment. He did not file a notice of appeal.

One issue raised in the case concerned whether Jackson was entitled to an out-of-time appeal in light of *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). An evidentiary hearing was conducted on this issue on July 24, 2015. The evidence presented during the hearing reveals that Jackson was informed about his right to appeal. The Court specifically advised him about his right to appeal when he was sentenced. Counsel briefly talked to Jackson after he was sentenced, but they did not discuss an appeal. Magistrate Judge Love found that the preponderance of the credible evidence shows that Jackson never asked his attorney to file a notice of appeal; thus, Jackson is not entitled to an out-of-time appeal based on *Tapp*.

In his objections, Jackson asks the Court to extend *Tapp* and to require counsel to adequately apprise a criminal defendant "of the content, of the scope, [and] of the right to appeal in Federal court." Magistrate Judge Love noted in the Report and Recommendation that perhaps it would be a better practice for attorneys to specifically ask clients after they are sentenced whether they want to file a notice of

appeal. Nonetheless, *Tapp* does not extend that far; instead, the question in *Tapp* is whether a defendant asked his attorney to file a notice of appeal and counsel failed to honor that request. The facts in this case do not satisfy *Tapp*, and the case law goes not further.

Apart from the *Tapp* issue, Magistrate Judge Love found that Jackson's guilty plea and waiver of § 2555 proceedings were knowingly and voluntarily entered. As such, Jackson's remaining grounds for relief were waived. No objections were filed regarding these findings.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Jackson to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections by Jackson are without merit. The Court further finds that the findings and conclusions regarding the non-*Tapp* issues are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Report and Recommendation (docket entry #21) is **ADOPTED**. It is further

**ORDERED** that the motion to vacate, set aside or correct Jackson's sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the cause of action is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**. It is finally

**ORDERED** that Hough-Lewis Dunn has fulfilled the terms of his appointment and that the order appointing him to represent Jackson is **VACATED**. The Court expresses its appreciation for the work performed by Mr. Dunn.

**It is SO ORDERED**.
**SIGNED this 19th day of August, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE